**Exhibit C**

## STOCKHOLDER REPRESENTATIVE AGREEMENT

THIS STOCKHOLDER REPRESENTATIVE AGREEMENT (this "Agreement") is made and entered into as of May __, 2005, by and among LIGHTSHIP HOLDING, INC., a Delaware corporation ("Holding"), and the members of the Stockholder Representative Committee set forth on the signature page hereto (the "Committee") on behalf of certain holders of the Capital Stock of Holding (except for those holders of Holding's Series CC Convertible Preferred Stock who are not also holders of Series AA Convertible Preferred Stock or Series BB Convertible Preferred Stock) (collectively, the "Holding Stockholders"). Holding and the Committee are sometimes referred to individually herein as a "Party" and collectively as the "Parties."

### WITNESSETH

WHEREAS, Holding has entered into an Agreement and Plan of Merger, dated as of March 21, 2005 (the "Merger Agreement"), by and among Holding, CTC Communications Group, Inc., a Delaware corporation ("CTC") and CTC Communications Acquisition Corp., a Delaware corporation and a wholly-owned Subsidiary of CTC ("Merger Sub"), providing for the merger (the "Merger") of Merger Sub with and into Holding, with the result that Holding, as the Surviving Corporation in the Merger, will become a wholly-owned subsidiary of CTC (all capitalized terms used but not defined herein shall have the meanings assigned to them in the Merger Agreement); and

WHEREAS, the Merger Agreement requires that the Committee be constituted and appointed as agent, representative and attorney-in-fact for and on behalf of the Holding Stockholders in connection with the transactions contemplated by the Merger Agreement and the Indemnification Escrow Agreement.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1. **Establishment of Committee.**

    (a) **Members/Term.** The Committee shall consist of three members, selected as follows: (i) one individual designated by J.P. Morgan SBIC LLC in its sole discretion (the "JPM Designee"), (ii) one individual designated by Osprey Partners LLC in its sole discretion (the "Osprey Designee"), and (iii) Kevin O'Hare. The initial members of the Committee shall be Stephan Oppenheimer as the JPM Designee, James D. Houghton as the Osprey Designee and Kevin O'Hare. Each member shall serve until the earlier of his or her resignation or removal or the appointment of a successor. J.P. Morgan SBIC LLC and Osprey Partners LLC shall have the sole right of designation, removal, and replacement with respect to the JPM Designee and the Osprey Designee, respectively

    (b) **Manner of Acting.** The act of a majority of the members of the Committee (which majority must include the affirmative vote of the JPM Designee) shall constitute the act of the entire Committee, and shall be binding upon all Committee members and the Holding Stockholders.

(c)  **Vacancies**. Any vacancy in the Committee may be filled by the unanimous vote of the remaining members of the Committee.

(d)  **Chairman**. The Committee members may elect a Chairman from its members who shall serve at the pleasure of the Committee. The Chairman shall be responsible for communicating the actions of the Committee to such Persons as may be necessary, and all such Persons shall be entitled to rely upon the actions of the Chairman, unless such Person has actual knowledge of, or has received notice from the Committee of, a change in the Chairman of the Committee.

2.  **Appointment; Responsibilities of Committee; Binding Effect**.

(a)  Each Holding Stockholder hereby appoints the Committee as his, her or its agent, representative and attorney-in-fact with full power and authority to represent each such Holding Stockholder and his, her or its successors with respect to all matters arising under this Agreement, the Merger Agreement, the Paying Agent Agreement and the Indemnification Escrow Agreement and to perform all duties required of each such Holding Stockholder, including, without limitation, those set forth in **Section 2**, **Section 5**, **Section 6** and **Section 8** of the Merger Agreement, and all actions taken by the Stockholder Committee hereunder and thereunder shall be binding upon all such Holding Stockholders and their successors as if expressly confirmed and ratified in writing by each of them. The Committee shall take any and all actions which it believes are necessary or appropriate under this Agreement, the Merger Agreement, the Paying Agent Agreement and the Indemnification Escrow Agreement for and on behalf of such Holding Stockholders, as fully as if such Holding Stockholders were acting on their own behalf, including, without limitation, defending all indemnity claims, consenting to, compromising or settling all such indemnity claims, distributing to the Holding Stockholders funds received from time to time from the Escrow Agent, conducting negotiations with CTC and the Escrow Agent under the Indemnification Escrow Agreement, taking any and all other actions specified in or contemplated by this Agreement, the Merger Agreement, the Paying Agent Agreement and the Indemnification Escrow Agreement and engaging counsel and accountants in connection with the foregoing matters. Without limiting the generality of the foregoing, the Committee shall have full power and authority to interpret all the terms and provisions of this Agreement, the Merger Agreement, the Paying Agent Agreement and the Indemnification Escrow Agreement and to consent to any amendment hereof or thereof on behalf of all such Holding Stockholders and successors.

(b)  The Committee shall treat confidentially and not disclose any non-public information from or about CTC, Holding or any Subsidiary of Holding (except on a need to know basis to individuals who agree to treat such information confidentially).

(c)  A decision, act, consent or instruction of the Committee shall constitute the decision, act, consent and instruction of all Holding Stockholders and shall be final, binding and conclusive upon each such Holding Stockholder, and the Escrow Agent and CTC may rely upon any decision, act, consent or instruction of the Committee as being the decision, act, consent or instruction of each and every Holding Stockholder. The Escrow Agent and CTC are

hereby relieved from any liability to any Person for any acts done by them in accordance with such decision, act, consent or instruction of the Committee.

    **(d)**    Set forth on <u>Schedule A</u> hereto is a complete and accurate list of each Holding Stockholder's name, tax identification number, address and the percentage of funds such Holding Stockholder shall be entitled to receive upon distributions made by the Escrow Agent to the Committee for or on behalf of the Holding Stockholders. The Committee may assume without independent inquiry that the facts set forth in <u>Schedule A</u> are true and correct in all material respects and that <u>Schedule A</u> has not been and is not required to be amended. The Committee shall promptly release all funds received from the Escrow Agent to the Holding Stockholders in accordance with the percentages set forth in <u>Schedule A</u>, subject to the adjustments set forth herein.

    **3.**    **Third Party Beneficiaries.** The Holding Stockholders and the Committee acknowledge and agree that each of CTC, Merger Sub, and the Surviving Corporation has an interest in assuring that actions required under this Agreement are taken in accordance with the terms and conditions set forth herein, and each of CTC, Merger Sub and the Surviving Corporation shall therefore be deemed to be third party beneficiaries of and under this Agreement for all purposes.

    **4.**    **Compensation/Expenses/Indemnification.** Committee members shall be entitled to compensation for services rendered and reimbursement of all reasonable expenses (including the cost of errors and omissions insurance and attorneys' fees and expenses) incurred in their capacity as Committee members either (a) out of any portion of Indemnification Escrow that has been validly released by the Escrow Agent to the Committee in accordance with the terms of <u>Section 8(f)(ix)</u> of the Merger Agreement and the terms of the Indemnification Escrow Agreement, or (b) from each Holding Stockholder in that percentage set forth opposite such Holding Stockholder's name on <u>Schedule A</u>. The Holding Stockholders shall severally indemnify and hold harmless the Committee members from any and all Losses arising out of or in connection with the performance of their obligations as Committee members while acting in good faith, and in the exercise of reasonable judgment and any act done or omitted to be done pursuant to the written advice of counsel shall be conclusive evidence of such good faith. Notwithstanding any other provision contained herein, no Holding Stockholder shall be responsible for Losses in excess of the portion of the Payment Fund that such Holding Stockholder receives under the Merger Agreement.

    **5.**    **Governing Law.** This Agreement shall be governed by and construed in accordance with the substantive Laws of the State of New York without giving effect to any choice or conflict of Law provision (whether of the State of New York or any other jurisdiction) that would cause the application of the Laws of any jurisdiction other than the State of New York.

    **6.**    **Succession and Assignment.** This Agreement shall be binding upon and inure to the benefit of the Parties named herein and their respective successors, heirs and legal representatives and permitted assigns. Nothing in this Agreement, express or implied, is intended to or shall confer upon any other Person any rights, benefits or remedies of any nature whatsoever under or by reason of this Agreement. No Party may assign or delegate either this

Agreement or any of its rights, interests or obligations hereunder without the prior written approval of the other Party. Any purported assignment or delegation in violation of the foregoing shall be null and void.

7. **Counterparts.** This Agreement may be executed in counterparts (including by means of facsimile), each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

8. **Headings.** The section headings contained in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of this Agreement.

9. **Notices.** All demands, notices, requests, consents and other communications required or permitted under this Agreement shall be given in the manner set forth in the Merger Agreement.

10. **Amendments and Waivers.** No amendment of any provision of this Agreement shall be valid unless the same shall be in writing and signed by the Parties to be charged therewith. No waiver by any Party of any provision hereof or default hereunder, whether intentional or not, shall be valid unless the same shall be in writing and signed by the Party making such waiver, nor shall such waiver be deemed to extend to any prior or subsequent default hereunder or affect in any way any rights arising by virtue of any prior or subsequent such default.

11. **Severability.** Any term or provision of this Agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction.

12. **Entire Agreement.** This Agreement together with the Merger Agreement and the other Transaction Documents constitute the entire agreement among the Parties and supersedes any prior understandings, agreements, or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof.

13. **Termination.** This Agreement shall terminate upon the earlier to occur of the termination of the Merger Agreement in accordance with Section 10 thereof or the release of all amounts being held by the Escrow Agent pursuant to the terms of the Indemnification Escrow Agreement.

*[signature page follows]*

IN WITNESS WHEREOF, the undersigned have executed this Agreement effective as of the day and year first above written.

LIGHTSHIP HOLDING, INC.

By: _____

Name: Kevin M O'Hare

Title: President + CEO

**STOCKHOLDER REPRESENTATIVE
COMMITTEE MEMBERS:**

**J.P. MORGAN SBIC LLC**

By: _____

Name:

Title:

**OSPREY PARTNERS LLC**

By: _____

Name:

Title:

KEVIN M. O'HARE

IN WITNESS WHEREOF, the undersigned have executed this Agreement effective as of the day and year first above written.

LIGHTSHIP HOLDING, INC.

By:_____
Name:
Title:

STOCKHOLDER REPRESENTATIVE
COMMITTEE MEMBERS:

J.P. MORGAN SBIC LLC

By:_____
Name: STEPHEN OPPENHEIMER
Title: PRINCIPAL

OSPREY PARTNERS LLC

By:_____
Name:
Title:

KEVIN M. O'HARE

_____

IN WITNESS WHEREOF, the undersigned have executed this Agreement effective as of the day and year first above written.

LIGHTSHIP  HOLDING, INC.

By:_____
Name:
Title:


STOCKHOLDER REPRESENTATIVE
COMMITTEE MEMBERS:


J.P. MORGAN SBIC LLC

By:_____
Name:
Title:

OSPREY PARTNERS LLC

By: _____
Name: JAmes Holgitter
Title: Managing Member


KEVIN M. O'HARE

_____

## SCHEDULE A

[Holding Stockholder Information]

May *16*, 2005

CTC Communications Corp.
220 Bear Hill Road
Waltham, MA 02451
*Attention: James P. Prenetta, Jr., Senior Vice President and General Counsel*

Lightship Holding, Inc.
1301 Virginia Drive, Suite 440
Fort Washington, PA 19034
*Attention: Kevin M. O'Hare, President and Chief Executive Officer*

Re:    Designee to Stockholder Representative Committee Member

Ladies and Gentlemen:

In accordance with the terms of the Agreement and Plan of Merger dated as of March 21, 2005, by and among CTC Communications Corp., CTC Communications Acquisition Corp., and Lightship Holding, Inc. (the "Merger Agreement"), the Holding Stockholders (as defined in the Merger Agreement) are to designate a committee to act as a representative of all Holding Stockholders for certain matters (the "Stockholders Representative Committee"). The Holding Stockholders have designated J.P. Morgan SBIC LLC, Osprey Partners LLC and Kevin M. O'Hare to the Stockholders Representative Committee.

In accordance with Section 1(a) of the Stockholder Representative Agreement (the "Representative Agreement"), the undersigned hereby appoints James D. Houghton as the Osprey Designee (as defined in the Representative Agreement), and James D. Houghton shall serve as the Osprey Designee until removed and replaced in our sole discretion.

Very truly yours,

OSPREY PARTNERS LLC

By: _____
Name: James Houghton
Title: Managing Member

May *16*, 2005

CTC Communications Corp.
220 Bear Hill Road
Waltham, MA 02451
*Attention: James P. Prenetta, Jr., Senior Vice President and General Counsel*

Lightship Holding, Inc.
1301 Virginia Drive, Suite 440
Fort Washington, PA 19034
*Attention: Kevin M. O'Hare, President and Chief Executive Officer*

    Re:    Designee to Stockholder Representative Committee Member

Ladies and Gentlemen:

In accordance with the terms of the Agreement and Plan of Merger dated as of March 21, 2005, by and among CTC Communications Corp., CTC Communications Acquisition Corp., and Lightship Holding, Inc. (the "Merger Agreement"), the Holding Stockholders (as defined in the Merger Agreement) are to designate a committee to act as a representative of all Holding Stockholders for certain matters (the "Stockholders Representative Committee"). The Holding Stockholders have designated J.P. Morgan SBIC LLC, Osprey Partners LLC and Kevin M. O'Hare to the Stockholders Representative Committee.

In accordance with Section 1(a) of the Stockholder Representative Agreement (the "Representative Agreement"), the undersigned hereby appoints Stephan Oppenheimer as the JMP Designee (as defined in the Representative Agreement), and Stephan Oppenheimer shall serve as the JPM Designee until removed and replaced in our sole discretion.

                Very truly yours,

                J.P. MORGAN SBIC LLC

                By:
                Name:  *STEPHAN OPPENHEIMER*
                Title:   *PRINCIPAL*

May 20, 2005

CTC Communications Corp.
220 Bear Hill Road
Waltham, MA 02451
*Attention: James P. Prenetta, Jr., Senior Vice President and General Counsel*

Lightship Holding, Inc.
1301 Virginia Drive, Suite 440
Fort Washington, PA 19034
*Attention: Kevin M. O'Hare, President and Chief Executive Officer*

    Re:    Election of Chairman of the Stockholder Representative Committee

Ladies and Gentlemen:

In accordance with the terms of the Agreement and Plan of Merger dated as of March 21, 2005, by and among CTC Communications Corp., CTC Communications Acquisition Corp., and Lightship Holding, Inc. (the "Merger Agreement"), the Holding Stockholders (as defined in the Merger Agreement) designated a committee to act as a representative of all Holding Stockholders for certain matters (the "Stockholders Representative Committee"). The Holding Stockholders have designated J.P. Morgan SBIC LLC, Osprey Partners LLC and Kevin M. O'Hare to the Stockholders Representative Committee. J.P. Morgan SBIC LLC has designated Stephan Oppenheimer as its designee. Osprey Partners LLC has designated James D. Houghton as its designee.

In accordance with Section 1(d) of the Stockholder Representative Agreement (the "Representative Agreement"), the undersigned being all of the Members of the Stockholders Representative Committee hereby elect Stephan Oppenheimer as Chairman of the Stockholders Representative Committee and Stephan Oppenheimer shall serve as the Chairman of the Stockholders Representative Committee until removed and replaced in our sole discretion.

Very truly yours,

James D. Houghton


Kevin M. O'Hare


Stephan Oppenheimer

May 20, 2005

CTC Communications Corp.
220 Bear Hill Road
Waltham, MA 02451
*Attention: James P. Prenetta, Jr., Senior Vice President and General Counsel*

Lightship Holding, Inc.
1301 Virginia Drive, Suite 440
Fort Washington, PA 19034
*Attention: Kevin M. O'Hare, President and Chief Executive Officer*

Re:    Election of Chairman of the Stockholder Representative Committee

Ladies and Gentlemen:

In accordance with the terms of the Agreement and Plan of Merger dated as of March 21, 2005, by and among CTC Communications Corp., CTC Communications Acquisition Corp., and Lightship Holding, Inc. (the "Merger Agreement"), the Holding Stockholders (as defined in the Merger Agreement) designated a committee to act as a representative of all Holding Stockholders for certain matters (the "Stockholders Representative Committee"). The Holding Stockholders have designated J.P. Morgan SBIC LLC, Osprey Partners LLC and Kevin M. O'Hare to the Stockholders Representative Committee. J.P. Morgan SBIC LLC has designated Stephan Oppenheimer as its designee. Osprey Partners LLC has designated James D. Houghton as its designee.

In accordance with Section 1(d) of the Stockholder Representative Agreement (the "Representative Agreement"), the undersigned being all of the Members of the Stockholders Representative Committee hereby elect Stephan Oppenheimer as Chairman of the Stockholders Representative Committee and Stephan Oppenheimer shall serve as the Chairman of the Stockholders Representative Committee until removed and replaced in our sole discretion.

Very truly yours,

_____
James D. Houghton

_____
Kevin M. O'Hare

_____
Stephan Oppenheimer

May _20_, 2005

CTC Communications Corp.
220 Bear Hill Road
Waltham, MA 02451
*Attention: James P. Prenetta, Jr., Senior Vice President and General Counsel*

Lightship Holding, Inc.
1301 Virginia Drive, Suite 440
Fort Washington, PA 19034
*Attention: Kevin M. O'Hare, President and Chief Executive Officer*

  Re:  Election of Chairman of the Stockholder Representative Committee

Ladies and Gentlemen:

In accordance with the terms of the Agreement and Plan of Merger dated as of March 21, 2005, by and among CTC Communications Corp., CTC Communications Acquisition Corp., and Lightship Holding, Inc. (the "Merger Agreement"), the Holding Stockholders (as defined in the Merger Agreement) designated a committee to act as a representative of all Holding Stockholders for certain matters (the "Stockholders Representative Committee"). The Holding Stockholders have designated J.P. Morgan SBIC LLC, Osprey Partners LLC and Kevin M. O'Hare to the Stockholders Representative Committee. J.P. Morgan SBIC LLC has designated Stephan Oppenheimer as its designee. Osprey Partners LLC has designated James D. Houghton as its designee.

In accordance with Section 1(d) of the Stockholder Representative Agreement (the "Representative Agreement"), the undersigned being all of the Members of the Stockholders Representative Committee hereby elect Stephan Oppenheimer as Chairman of the Stockholders Representative Committee and Stephan Oppenheimer shall serve as the Chairman of the Stockholders Representative Committee until removed and replaced in our sole discretion.

    Very truly yours,

    _____
    James D. Houghton

    _____
    Kevin M. O'Hare

    _____
    Stephan Oppenheimer